UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:17-CR-025 |
| ) | |
| JESSE M. PINKERTON ) | |

# **MEMORANDUM AND ORDER**

The defendant pled guilty to a methamphetamine distribution offense and will be sentenced on November 29, 2017. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 274], to which the defendant has filed a series of modified and corrected objections [docs. 287, 348, 349]. Three objections remain pending. For the reasons that follow, each will be overruled.

I.

*Prior Employment*

At paragraph 83, the PSR notes that the defendant reported two prior employments, neither of which could be verified by the probation officer. The defendant objects that he in fact did work for these entities either as a subcontractor or through a temp agency. The subsequently-issued PSR Addendum [doc. 362] incorporates these claims regarding the defendant's work history, and the court is additionally aware that the defendant has filed some documentation of his subcontracting and temp work [docs. 375, 276]. This issue need not be addressed further because it does not impact the advisory guideline range in this case. *See* Fed. R. Crim. P. 32(i)(3)(B) (district court need not rule

on an objection that will neither affect nor be considered at sentencing). This objection will be denied as moot.

II.

*Career Offender*

The defendant's remaining objections pertain to whether he is a career offender under United States Sentencing Guideline ("U.S.S.G.") 4B1.1. A person is deemed a career offender if, in material part, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2016).

The instant PSR deems the defendant a career offender based on two state court convictions for sale of a Schedule II controlled substance [PSR ¶ 59] and state court convictions for promotion of (and conspiracy to promote) methamphetamine manufacture [PSR ¶ 63]. Only one conviction from each of these state cases can count as a career offender predicate because, for each pair, the sentences arose from the same charging instrument, were imposed on the same day, and were for offenses not separated by an intervening arrest. *See* U.S.S.G. §§ 4A1.2(a)(2), 4B1.2(c).

The defendant concedes that one career offender predicate can be drawn from PSR paragraph 59. [Doc. 349]. He objects, however, that he does not have a second career offender predicate because the conduct underlying his convictions at paragraph 63 does not meet the guidelines' definition of a controlled substance offense. *See* U.S.S.G. § 4B1.2(b). The defendant additionally objects, without specificity or developed argument of any sort, "to the [PSR's] recitation of facts regarding Paragraph 63." The defendant's factual objection is deemed forfeited. "It is not sufficient for a party to mention a

possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted).

Turning to the defendant's substantive objection, the court concludes that PSR correctly draws a career offender predicate from paragraph 63. In pertinent part, that paragraph lists 2013 convictions in the Criminal Court of Anderson County, Tennessee, for promotion of methamphetamine manufacture (Count Two) and criminal conspiracy to promote methamphetamine manufacture (Count Three). The defendant was convicted of violating § 39-17-433 of the Tennessee Code, which makes it a Class D felony:

> for a person to promote methamphetamine manufacture. A person promotes methamphetamine manufacture who:
>
> (1) Sells, purchases, acquires, or delivers any chemical, drug, ingredient, or apparatus that can be used to produce methamphetamine, knowing that it will be used to produce methamphetamine, or with reckless disregard of its intended use;
>
> (2) Purchases or possesses more than nine (9) grams of an immediate methamphetamine precursor with the intent to manufacture methamphetamine or deliver the precursor to another person whom they know intends to manufacture methamphetamine, or with reckless disregard of the person's intent; or
>
> (3) Permits a person to use any structure or real property that the defendant owns or has control of, knowing that the person intends to use the structure to manufacture methamphetamine, or with reckless disregard of the person's intent.

Tenn. Code Ann. § 39-17-433(a), (f).

Under the federal career offender guideline, "[t]he term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture . . . of a controlled substance . . .

." U.S.S.G. § 4B1.2(b). This definition encompasses "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* cmt. n.1. Under any prong of the Tennessee statute at issue in this case, the punished conduct is akin to aiding and abetting, conspiring, or attempting to manufacture methamphetamine. As such, these convictions are properly counted as the defendant's second career offender predicate.

The court does note that each subpart of § 39-17-433(a) contains alternate *mens reas* of "knowing" and "with reckless disregard." The extent to which a crime involving reckless conduct can serve as a career offender predicate remains a somewhat open question in this circuit. *See, e.g., United States v. Harper*, No. 17-5037, 2017 WL 5181614 (6th Cir. Nov. 9, 2017). Even if this court's analysis required it to look to the charging documents underlying the Anderson County convictions, the conclusion would be the same. At Count Two, the defendant was charged with (and pled guilty to) *knowingly* acquiring chemicals and apparatus that could and would be used to produce methamphetamine. [Doc. 354, ex. B] As such, the defendant was convicted of an aiding and abetting (or perhaps conspiracy) offense of manufacturing a controlled substance under § 39-17-433(a)(1) which, as explained herein, is a "controlled substance offense" under the guidelines. Accordingly, the defendant is a career offender.

III.

*Conclusion*

For the reasons provided herein, the defendant's objections to his PSR are **OVERRULED**. Sentencing remains set for November 29, 2017, at 1:30 p.m. in Knoxville.

**IT IS SO ORDERED.**

ENTER:


                                                  s/ Leon Jordan
                                     United States District Judge